### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

In re:                                          )
                                                )
SYNERGY HDD, INC.                               )          Case No. 21-12518-SAH
                                                )          (Chapter 11)
                                                )
          Debtor.                               )

### AFFIDAVIT OF DUSTIN WHEELER IN SUPPORT OF
### FIRST DAY MOTIONS AND APPLICATIONS

STATE OF OKLAHOMA     )
                      ) ss
COUNTY OF OKLAHOMA )

Dustin Wheeler, being of lawful age and first duly sworn, hereby deposes and states as follows:

1.    I am making this affidavit/sworn declaration on the basis of direct personal knowledge.

2.    I am the President of Debtor.

3.    I submit this affidavit in support of Debtor's First-Day Motions in the captioned Chapter 11 case.

4.    On September 17, 2021, the Board of Directors for the Debtor authorized the filing of its Chapter 11 bankruptcy petition.  On September 21, 2021 (the 'Petition Date"), Debtor filed its voluntary Chapter 11 petition for relief.

5.    Debtor continues in the possession of their properties and the management of their businesses as debtors-in-possession.

6.      In order to enable Debtor to operate effectively and minimize adverse effects of the Chapter 11 filing, Debtor has filed or will be filing the First Day Motions on the Petition Date or soon thereafter and have requested certain expedited relief.

## I.      THE BACKGROUND OF THE DEBTORS

7.      Debtor is renewable energy construction business and employs approximately 200 people.

## II.      FIRST DAY MOTIONS

8.      The Debtors are filing two (2) First Day Motions:

(a)      EMERGENCY MOTION TO USE CASH COLLATERAL.

(b)      EMERGENCY MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 363 AND 507, (I) AUTHORIZING PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS AND RELATED AMOUNTS, (II) CONFIRMING RIGHT OF DEBTOR TO CONTINUE EMPLOYEE PROGRAMS ON POST-PETITION BASIS, (III) CONFIRMING RIGHT OF DEBTOR TO PAY WITHHOLDING AND PAYROLL RELATEDTAXES AND (IV) DIRECTING BANKS TO HONOR PRE-PETITION CHECKS FOR EMPLOYEE OBLIGATIONS

### A.      CASH COLLATERAL

9.      Prepetition, the First Pryority Bank asserted a first priority lien secured by substantially all of the assets of the Debtor in the approximate amount of    $10,000,000.00  (the "Pre-Petition Lenders)."

#### (a)      CASH COLLATERAL

10.      Debtor acknowledges, that its cash, including, without limitation, all cash and other amounts on deposit or maintained in any account or accounts by the Debtor, and any amounts generated by the collection of accounts receivable, the sale of inventory, or other disposition of Pre-Petition Collateral, may constitute proceeds of the Pre-Petition Collateral and, if so, are cash collateral of the Pre-Petition Lenders.

2

11.      The Pre-Petition Lenders are entitled to adequate protection of their interests in the Pre-Petition Collateral, in an amount equal to the sum of, without duplication, the aggregate amount of diminution in value of the Pre-Petition collateral, whether by depreciation, use, sale, loss, decline in market price, the imposition of the automatic stay, the priming of the Pre-Petition Liens, or otherwise.

12.      Offer of adequate protection as reflected in the Motion to Use Cash Collateral protects the interest of the Pre-Petition Lenders.

### (b)    BUSINESS JUDGMENT AND GOOD FAITH

13.      The terms of the proposed use of Cash Collateral are fair, just, and reasonable under the circumstances.  They are ordinary and appropriate for secured financing to and for debtors-in-possession.   They reflect the Debtor's exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

### (c)    ADEQUATE PROTECTION

14.      Debtor has offered adequate protection including, without limitation, a replacement lien, subject only to prior non-avoidable liens, in all of Debtor's assets, excluding only causes of action arising under chapter 5 of the Bankruptcy Code.

### (d)    IMMEDIATE ENTRY

15.      The Debtors request immediate entry of the Order.  The relief requested therein (to use Cash Collateral) is necessary to avoid immediate and irreparable harm to the Debtor. Good cause exists for the entry of the Order.  Among other things, entry of the Order is necessary to avoid immediate disruption of and possible cessation of the Debtors' businesses and operations and permit them to meet payroll and other operating expenses, obtain needed supplies

and retain customer and supplier confidence by demonstrating an ability to maintain normal operations, and facilitate their Chapter 11 goals and maximize the value of their assets and estate.

### B.    Pre-petition Employee Claims

16.    In order to maintain continuity and maximize the value of Debtor's assets and the return to creditors it is critical that Debtor to pay, continue or otherwise honor pre-petition obligations (collectively, the "Pre-petition Employee Obligations") to or for the benefit of its current employees (collectively, the "Employees") for salaries and other compensation and benefits under all plans, programs and policies implemented by the Debtor prior to the Petition Date (as set forth below, the "Employee Programs"). The Debtor seeks immediate authority to make payments to Employees on account of Pre-petition Employee Obligations.

### C.    Limit Notice

17.    It is adequate and in the best interest of the bankruptcy estate that notice of the First Day Motions herein be provided by e-mail, facsimile, or overnight delivery and limited to: (a) the Office of the United States Trustee for the Western District of Oklahoma, (b) all known or alleged secured creditors, (c) the 20 largest unsecured non-insider creditors of the Debtor, (d) all known shareholders holding over 5% of a class of equity interests of the Debtor, (e) all of the Debtor's professionals, (f) all members of any official committee of unsecured creditors that may be appointed, (g) counsel for, and any professionals retained by, any official committee of unsecured creditors that may be appointed, (h) the United States Attorney's Office for the Western District of Oklahoma, (i) the Internal Revenue Service, (j) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002, and (k) any such other government agencies to the extent required by the Bankruptcy Rules and Local Rules of this Court. In light of the expedited nature of the relief requested herein and the irreparable harm to the Debtor that

may ensue if the relief requested is not granted, the Debtor submits that no further notice need be given and that the notice provided by the Debtor is sufficient.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

EXECUTED on September 21, 2021.


/s/ Dustin Wheeler
Dustin Wheeler


Filed by:

/s/ Stephen J. Moriarty
Stephen J. Moriarty, OBA #6410
FELLERS, SNIDER, BLANKENSHIP,
BAILEY & TIPPENS, P.C.
100 N. Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 232-0621
Facsimile: (405) 232-9659
E-Mail: smoriarty@fellerssnider.com

PROPOSED ATTORNEY FOR DEBTORS

871627;05611